

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00146-CV

---

BHARTI MISHRA, APPELLANT

V.

CITIBANK, N.A., AND SHADMAN ZAFAR, APPELLEES

---

On Appeal from the 236th District Court
Tarrant County, Texas[1]
Trial Court No. 236-339084-22, Honorable Tom Lowe, Presiding

---

February 6, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

This matter involves a former employee with a grievance against her former supervisor. The former supervisor and employer, after receiving thousands of emails from the employee, sought a permanent injunction to stop her harassment. Appellant, Bharti Mishra, the former employee proceeding pro se, now appeals an order of contempt

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

and a permanent injunction granted in favor of Appellees, Citibank, N.A. ("Citibank") and Shadman Zafar, her former employer and supervisor, respectively. She raises the following issues: (1) the denial of her motion for a protective order under the discovery rules; (2) the denial of certain discovery; (3) an order of contempt; (4) the permanent injunction; and (5) a general complaint about Zafar and his alleged abuse of the court system. We affirm.

## BACKGROUND

Bharti Mishra was an employee of Citibank in its Fort Worth IT office from 2012 until 2018. She blamed her departure on her former supervisor, Shadman Zafar, and began sending him emails in 2021 including various non-specific threats. She also emailed several of Zafar's colleagues, both in Citibank and outside of Citibank, with various non-specific allegations of misconduct by Zafar and his staff. Mishra also posted several YouTube videos online. She expressed herself in the emails and videos in a mixture of Hindi and English. Despite receiving a cease-and-desist letter from Zafar's and Citibank's attorneys, Mishra refused to stop the harassment. Citibank and Zafar filed suit for a restraining order, temporary injunction, and a permanent injunction. The basis for their suit was Texas's civil stalking statute, which provides private civil remedies for a person who is being harassed. TEX. CIV. PRAC. & REM. CODE §§ 85.001–85.006. A temporary injunction was ordered by the trial court which prohibited Mishra from:

1.  having contact with Citibank employees;

2.  coming within 500 feet of Citibank facilities; and

3.  posting to social media and YouTube any material regarding the employees of Citibank.

2

Although she was initially represented in the lawsuit, Mishra's counsel withdrew early in the proceedings. By the time Citibank and Zafar moved for traditional summary judgment on their application for permanent injunction, Mishra was proceeding pro se. The final hearing—in which the trial court considered both the motion for summary judgment and a motion to find Mishra in contempt—took place without Mishra's participation.[2] After receiving evidence and argument from Citibank, the trial court granted both motions. Mishra filed a subsequent motion for new trial, arguing, among other things, she received only twenty-four hours' notice of the hearing from opposing counsel. The motion was denied, and Mishra now appeals both the summary judgment and the order of contempt.

### ISSUE ONE—MOTION FOR PROTECTIVE ORDER

Mishra's first issue complains of the trial court failing to rule on her motion for a protective order under Rules 192.6, 680, 681 of the Texas Rules of Civil Procedure and Article 1 of the Texas Constitution. The trial court issued its final judgment on January 22, 2025, and these motions were filed nearly five months later on May 20, 2025. The trial court's plenary power expired thirty days after it denied Mishra's motion for new trial, which was March 24, 2025. TEX. R. CIV. P. 306a, 329b(e). Therefore, the trial court was without the power to grant Mishra's motions on May 20, and there was no error in the court's failure to grant the motions. Her first issue is overruled.

---

[2] The trial court stated on the record the court clerk had contacted Mishra and Mishra told the clerk she would not be participating in the hearing.

3

**ISSUES TWO AND FIVE—DENIAL OF DISCOVERY AND ABUSE OF THE COURT SYSTEM**

For her second and fifth issues Mishra complains the trial court denied her discovery and she alleges Zafar abused the court system, respectively. Regarding her second issue, we do not find in the record a request or motion made by her for discovery nor any order from the trial court denying her alleged discovery requests. Regarding her fifth issue, she does not state any discernable issue other than the general allegation of "abuse of the court system," and therefore the issue is waived for inadequate briefing. TEX. R. APP. P. 38.1(i). We must therefore overrule Mishra's second and fifth issues.[3]

**ISSUE THREE—ORDER OF CONTEMPT**

Contempt orders are reviewable only by writ of mandamus or habeas corpus. *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding).[4] When the contemnor is not jailed, the proper vehicle to challenge a contempt order is a writ of mandamus, which requires the contemnor to show the trial court abused its discretion. *Id*. Because Mishra was not confined, a petition for writ of mandamus is the proper vehicle for her challenge. *Id*. However, because she filed a direct appeal instead, we have no jurisdiction over her appeal of the contempt order. *See In the Interest of W.G.*, No. 02-16-00312-CV, 2017 Tex. App. LEXIS 8099, at *3 (Tex. App.—Fort Worth Aug. 24, 2017, no pet.) (mem. op.).

---

[3] Mishra submitted a letter to this Court with additional allegations concerning Zafar, but the allegations are not relevant to any claim or defense asserted in the pleadings in the record. Therefore, we do not consider Mishra's late-filed letter either because it raises new material that is not in the record. TEX. R. APP. P. 35.1, 35.3, and 38.1.

[4] Because this is a transfer from the Second Court of Appeals, we also lack jurisdiction to review any petitions for a writ of mandamus in this matter. An appellate court only has power to issue a writ of mandamus against a judge presiding in a court within the appellate court's district. TEX. GOV'T CODE § 22.221(b). Only the Second Court of Appeals has jurisdiction to issue a writ of mandamus in this matter, and therefore any petition for writ of mandamus must be filed with that court.

4

**ISSUE FOUR—PERMANENT INJUNCTION**

**STANDARD OF REVIEW**

We review a trial court's ruling on an application for permanent injunction for an abuse of discretion. *Henry v. Smith*, 637 S.W.3d 226, 239 (Tex. App.—Fort Worth 2021, pet. denied) (citations omitted). Generally, discretion is abused and an order is subject to reversal when the trial court misinterprets or misapplies the law or acts arbitrarily or unreasonably. *Id*.

An appellate court may not reverse for an abuse of discretion merely because it disagrees with the decision of the trial court. *Id*. There must be a clear abuse of discretion, which arises only when the trial court's decision is not supported by some evidence of substantial and probative character. *Id*. (quotations and citations omitted). A trial court does not abuse its discretion when its decision is based on conflicting evidence, at least some of which reasonably supports its decision. *Id*.

**ANALYSIS**

Mishra's fourth issue challenges the permanent injunction granted in favor of Citibank. Particularly, Mishra argues the permanent injunction should not have issued because she had:

(1) not been on the Citibank campus since April 2018;

(2) no communications with Citibank personnel since May 2022;

(3) ceased all social media activity as of January 2023;

(4) not sent any emails to Citibank personnel since May 2023.

She also argues the injunction infringes her constitutional right to free speech.[5]

The trial court's final order enjoined Mishra from the following:

a. [P]hysically appearing within 500 feet of the Citibank campus at which she worked[;]

b. [P]ublishing, posting, or otherwise distributing any threatening or harassing videos or other recordings, whether on YouTube or any other social media platform, regarding or relating to any employee of Citibank, including Zafar;

c. [C]ommunicating—whether by phone, email, in person, or in any other manner—with any employee of Citibank, including Zafar, except as a bona fide customer or potential customer of Citibank; and

d. [C]ommunicating—whether by phone, email, in person, or in any other manner—with any family member of Zafar.

An injunction should be broad enough to prevent a repetition of the "evil" sought to be corrected, but not so broad as to enjoin a defendant from lawful activities. *Martinez v. Mangrum*, No. 02-17-00235-CV, 2018 Tex. App. LEXIS 2984, at *6 (Tex. App.—Fort Worth Apr. 26, 2018, no pet.) (mem. op.) (citation omitted). In this case, Citibank and Zafar's initial application for a temporary restraining order contained numerous emails from Mishra and excerpts of alleged threats made in those emails. Citibank produced

---

[5] To be entitled to a permanent injunction, Citibank had to prove: (1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020). Also, injunctive relief is available only if liability is established under a cause of action. *Littleton v. Nationstar Mortg. L.L.C.*, No. 02-19-00238-CV, 2020 Tex. App. LEXIS 3435, at *23 (Tex. App.—Fort Worth Apr. 23, 2020, pet. denied) (mem. op.). Citibank moved for a traditional summary judgment based upon Mishra's alleged liability under the civil stalking statute and its right to a permanent injunction. The trial court granting summary judgment established both Mishra's liability under Citibank's cause of action and Citibank's right to a permanent injunction. *See* TEX. R. CIV. P. 166a(c). Because Mishra does not challenge the summary judgment, we only examine the propriety of the injunction.

YouTube posts in which Mishra allegedly threatened Zafar. Their applications for temporary injunction also cited workplace violence incidents in other parts of the country unrelated to Citibank or Mishra, and the overarching theme was a general fear Mishra could engage in the same type of activity. Additionally, Citibank sought to put an end to the numerous emails and communications from Mishra to various Citibank employees, which it considered harassing behavior. Examining the trial court's permanent injunction in this context, each of the prohibitions imposed upon Mishra is specifically tailored to prevent her from harassing and threatening Citibank employees and Zafar. Further, her arguments that she has not interacted with Citibank personnel as of 2023 is unavailing, as she was *required* to cease contact under the temporary injunction issued by the trial court in January 2023. Mishra's obedience to the order does not demonstrate she would not once again engage in the same harassing behaviors if the order were not permanently in place.

Finally, despite urging the permanent injunction infringes her constitutional right to free speech, she presented no argument or analysis as to why the permanent injunction infringes her rights. Therefore, she waived this argument through inadequate briefing. TEX. R. APP. P. 38.1(i); *Gunderson v. Nat'l Indoor RV Ctrs., LLC*, No. 02-24-00025-CV, 2024 Tex. App. LEXIS 4880, at *4 (Tex. App.—Fort Worth July 11, 2024, pet. denied) (mem. op.) (without substantive legal analysis a brief is inadequate to present an issue for review, and the issue is waived).

We hold the trial court did not abuse its discretion in issuing the permanent injunction. We overrule Mishra's fourth issue.

7

**CONCLUSION**

The judgment of the trial court is affirmed.

Alex Yarbrough
Justice